UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

Cali Express, Inc., Indy Express Trucking, )
Inc., and John Maresca )
                                                    )        Civil Action No.:1:14-cv-1683
                      Plaintiffs. )
                                                    )
vs. )
                                                     )
Joan Bermingham )
                         Defendant. )

**COMPLAINT FOR DECLARATORY JUDGMENT**

      Plaintiffs, Cali Express, Inc., ("Cali Express"), Indy Express Trucking, Inc., ("Indy Express"), and John Maresca ("Maresca") (collectively "Plaintiffs") by and through their undersigned attorney, hereby aver the following by way of Complaint against Defendant, Joan Bermingham.

**INTRODUCTION**

1.     This is a complaint for declaratory judgment.  Cali Express, and Maresca seek a determination of that Defendant, Joan Bermingham's ("Bermingham") has no ownership or other interest in Cali Express.  Indy Express and Maresca seek a determination that Bermingham has no ownership or other interest in Indy Express.

**THE PARTIES**

2.     Cali Express is a corporation organized and existing under the laws of the State of Nevada with its principal place of business located in Columbus, Indiana.

3.     Indy Express is a corporation organized and existing under the laws of the State of Indiana with its principal place of business located in Franklin, Indiana.

4.     Maresca is an individual residing in Whiteland, Indiana.

5. Maresca is a shareholder of Cali Express and Indy Express.

6. Bermingham is an individual who resides at 17991 Rainer Drive, Santa Ana, California 92705.

## JURISDICTION AND VENUE

7. Cali Express, Indy Express, and Maresca are citizens of a different state than Bermingham.

8. The amount in controversy in this matter exceeds the value of $75,000, exclusive of interest and costs.

**9.** The United States District Court has jurisdiction over this matter based upon diversity of citizenship pursuant to 28 U.S.C. §1332.

10. Pursuant to 28 U.S.C. §1391, venue is proper in the United States District Court for the Southern District of Indiana because it is the judicial district within which a substantial part of the events giving rise to Cali Express, Indy Express, and Maresca's claim occurred, and it is the judicial district where the property that is the subject of the action is situated.

11. In the alternative, pursuant to 28 U.S.C. § 1391(b)(3), venue is proper in the United States District Court for the Southern District of Indiana, because Bermingham is subject to the Court's personal jurisdiction because she purposefully directed her activities toward Indiana residents, an Indiana corporation (Indy Express) and a corporation that has its principal place of business in Indiana (Cali Express) and therefore her activities affect Indiana interests.

## BACKGROUND

12. Cali Express's Articles of Incorporation were filed on August 3, 2007, with the Nevada Secretary of State on August 3, 2007.

13. Indy Express's Articles of Incorporation were filed with the Indiana Secretary of State on March 10, 2006.

14. Maresca is the owner of all of Cali Express's shares and the sole director of Cali Express.

15. Maresca is the owner of all of Indy Express's shares and the President of Indy Express.

16. Cali Express and Indy Express are carriers of general freight in interstate commerce.

### **COUNT I – CALI EXPRESS – DECLARATORY RELIEF**

17. The Plaintiffs incorporate by reference rhetorical paragraphs 1 through 16, as if fully set forth herein.

18. On September 3, 2014, Bermingham produced to Cali Express, via email, a copy of a certificate in the name of "Joan Freeney" representing shares of stock in Cali Express.

19. On September 23, 2014, Bermingham sent a demand letter to Cali Express claiming that Joan Bermingham, nee Freeney, was an equal shareholder of Cali Express and Indy Express; that she was owed the principal sum of $176,000 from Indy Express and $10,000 from Cali Express; and that she had alleged ownership interest and contractual rights in Cali Express.

20. Cali Express and Maresca deny that Bermingham has any valid ownership or other enforceable interest in Cali Express.

21. An actual controversy exists as to the nature and scope of Bermingham's rights, if any, in Cali Express. Bermingham has issued multiple demands for payment in connection with her claim of ownership rights in Cali Express. Bermingham threatened to commence litigation if payment or other acceptable arrangements were not made within one week of Bermingham's September 23, 2014 letter. On October 6 and 7, 2014, Bermingham's agents sent emails to Cali's counsel concerning Bermingham's demand for payment.

22. A declaration from this Court that any stock certificate issued to "Joan Freeney" is void and that Bermingham has no interest in Cali Express will result in a just, expeditious, and economical determination of the controversy regarding Bermingham's interest in Cali Express.

WHEREFORE Plaintiffs, Cali Express, Inc. and John Maresca, respectfully requests that the Court enter judgment in its favor and against Defendant, Joan Bermingham, as follows:

A. Pursuant to 28 U.S.C. § 2201, that Bermingham has no ownership interest in Cali Express, Inc.;

B. Pursuant to 28 U.S.C. § 2201, that Bermingham's alleged stock certificate and/or contractual interest in Cali Express is void;

C. That Plaintiffs be awarded costs and such other relief as this Court deems just and proper under the circumstances.

### **COUNT II – INDY EXPRESS – DECLARATORY RELIEF**

23. The Plaintiffs incorporate by reference rhetorical paragraphs 1 through 16, as if fully set forth herein.

24. On September 3, 2014, Bermingham produced to Indy Express, via email, a copy of a certificate in the name of "Joan Freeney" representing 50 shares of stock in Indy Express.

25. On September 23, 2014, Bermingham sent a demand letter to Cali Express and Indy Express claiming that Joan Bermingham, nee Freeney, was an equal shareholder of Cali Express and Indy Express; that she was owed the principal sum of $176,000 from Indy and $10,000 from Cali Express; and that she had alleged ownership interest and contractual rights in Indy Express.

26. Indy Express and Maresca deny that Bermingham has any valid ownership interest or other enforceable interest in Indy Express.

27. An actual controversy exists as to the nature and scope of Bermingham rights, if any, in Indy Express. Bermingham has issued multiple demands for payment in connection with her claim of ownership rights in Indy Express. Bermingham threatened to commence litigation if payment or other acceptable arrangements were not made within one week of Bermingham's September 23, 2014 letter. On October 6 and 7, 2014, Bermingham's agents sent emails to Indy Express's counsel concerning Bermingham's demand for payment.

28. A declaration from this Court that any stock certificate issued to "Joan Freeney" is void and that Bermingham has no interest in Cali Express will result in a just, expeditious, and economical determination of the controversy regarding Bermingham's interest in Indy Express.

WHEREFORE Plaintiffs, Indy Express Trucking, Inc., and John Maresca, respectfully requests that the Court enter judgment in its favor and against Defendant, Joan Bermingham, as follows:

A. Pursuant to 28 U.S.C. § 2201, that Bermingham has no ownership interest in Indy Express Trucking, Inc.,

B. Pursuant to 28 U.S.C. § 2201, that Bermingham's alleged stock certificate and/or contractual interest in Indy Express Trucking, Inc., is void;

C. That Plaintiffs be awarded costs and such other relief as this Court deems just and proper under the circumstances.

Respectfully Submitted,

s/Stephen L. Huddleston
Counsel for Plaintiffs

Huddleston & Huddleston
Clarke House
98 West Jefferson Street
Post Office Box 9
Franklin, Indiana  46131

Telephone  No. (317) 736-5121
Attorney No. 7819-41
Email:  Stephen@Huddlestonlaw.com

              <u>s/Dustin D. Huddleston</u>
              Counsel for Plaintiffs

Huddleston & Huddleston
Clarke House
98 West Jefferson Street
Post Office Box 9
Franklin, Indiana  46131
Telephone  No. (317) 736-5121
Attorney No. 26848-41
Email:  Dustin@Huddlestonlaw.com